OAKES ANGIER *versus* BENJAMIN L. SMALLEY & *als.*

In debt on a poor debtor's bond, parol evidence is admissible to prove that the justices, who heard the disclosure of the debtor, "made out and delivered to the debtor" a certificate mentioned in R. S., c. 113, § 31.

And, when the former existence of such certificate is clearly established, parol evidence of its contents is admissible when it is lost.

ON EXCEPTIONS.

DEBT on a poor debtor's bond. Defence, performance of one of the conditions by disclosure and discharge.

The plaintiff read the bond and rested his case. The defendant called Benjamin L. Smalley, the principal defendant, and W. H. McLellan, Esq., and offered to prove by them that Smalley received from two disinterested justices

of the peace and quorum, within and for this county, within six months from the date of the bond, their certificate of discharge, as provided in R. S., c. 113, § 31, in due form of law; that the certificate was put into the hands of Mc-Lellan, acting as counsel for the principal defendant at the time of his disclosure; that the certificate is lost, and, after diligent search in all known sources of information, cannot be found. Defendants also offered parol evidence of the contents of the certificate. The presiding Judge excluded the testimony and ruled that the defendants should prove by other evidence that the certificate was issued. Whereupon a verdict was rendered for the plaintiff and the defendants alleged exceptions.

*E. K. Boyle*, for the defendants.

*Joseph Williamson*, for the plaintiff.

The discharge was the best evidence. *Bachelder* v. *Sanborn*, 34 Maine, 230; *Granite Bank* v. *Treat*, 18 Maine, 340.

No means taken to procure a duplicate or copy. They might obtain either. Amendment of certificates is allowed even at the trial upon the bond. *Burnham* v. *Howe*, 23 Maine, 489. A new certificate may be substituted for the one originally given. *Ayer* v. *Woodman*, 24 Maine, 196.

The former existence of the certificate should be proved.

(1,) By copy of magistrates' record;

(2,) If such record was never made or has been lost, that fact should be shown by the testimony of the magistrates themselves;

(3,) By the testimony of one or both of the magistrates and not by either of the parties.

Magistrates sitting upon a disclosure constitute a court. *Agry* v. *Betts*, 12 Maine, 415. Minutes of their doings are admissible. 1 Greenl. on Ev., § 513. The intention of the statute was to require more than a simple certificate. R. S., c. 113, § 30, requires the justices to "make a record" of their proceedings when the debtor deposits an assign-

ment of property; and, in § 36, a formal "record" is indicated.

*Certiorari* is the proper proceeding for correcting errors of magistrates in disclosures. *Dow* v. *True*, 19 Maine, 46; *Lewis* v. *Brewster*, 51 Maine, 108. This presumes a record is always made.

APPLETON, C. J.—By R. S., 1857, c. 113, two disinterested justices of the peace and quorum, after hearing the disclosure of a poor debtor and administering the oath required by the statute, "shall make out and deliver to the debtor a certificate under their hands and seals," the effect of which is, that "his body forever after shall be free from arrest on any execution issued upon the judgment" referred to therein.

The certificate of the magistrates is the result of their judicial action upon the debtor's disclosure. They are not required to issue it but once, nor are they required to keep a copy of it. Its existence being clearly established, secondary evidence of its contents is properly admissible. In *Tyler* v. *Dyer*, 13 Maine, 41, parol evidence of the contents of a complaint and warrant, which had been lost, was admitted in evidence. In *Gore* v. *Elwell*, 22 Maine, 442, it was held that parol evidence should be received to show the contents of a record once existing, but lost or destroyed. The contents of a complaint and warrant in a criminal case, lost after being returned into Court, may be proved by secondary evidence. *Com.* v. *Roark*, 8 Cush., 221; *Sayles* v. *Briggs*, 4 Met., 421.· The proof offered should have been received. *Exceptions sustained.*

CUTTING, KENT, WALTON and TAPLEY, JJ., concurred.